IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ARTHUR SOBEY, | ) | |
| | ) | |
| Petitioner, | ) | 4:10CV3146 |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERT HOUSTON, | ) | MEMORANDUM OPINION |
| | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner Arthur Sobey's ("Sobey") petition for writ of habeas corpus (the "Petition") (Filing No. 1). The petition will be dismissed without prejudice.

## I.   *Background*

Sobey has been in the custody of the Nebraska Department of Correctional Services for his first degree sexual assault conviction since September 28, 2000 (Filing No. 1 at CM/ECF p. 1). This is Sobey's second petition for writ of habeas corpus relating to this conviction. Sobey filed his first petition on November 1, 2004 (Case No. 4:04CV3342, Filing No. 1). The Court considered the merits of that petition, and dismissed it with prejudice on March 23, 2007 (Case No. 4:04CV3342, Filing Nos. 29 and 30). On July 28, 2010, Sobey filed this petition, his second (Filing No. 1). Recognizing that it was a successive petition, Sobey sought authorization to file a successive petition from the Eighth Circuit Court of Appeals prior to filing

the petition.  (*Id.* at CM/ECF p. 3.)  On August 16, 2010, the Eighth Circuit denied authorization to proceed on the successive Petition (Filing No. 7).

## II.   Analysis

Rule 9 governing Section 2254 cases provides that:

> Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4).

*Id.*  Similarly, Section 2244(b)(3)(A) provides that:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

*Id.*  The United States Supreme Court established a process for court of appeals' review of successive petitions:

> In AEDPA, Congress established a "gatekeeping" mechanism for the consideration of "second or successive habeas corpus applications" in the federal courts.  *Felker v. Turpin*, 518 U.S. 651, 657 . . . (1996); § 2244(b).  An individual seeking to file a "second or successive" application must move in the appropriate court of appeals for an order directing the district court to consider his application.  § 2244(b)(3)(A).  The court of

-2-

>               appeals then has 30 days to decide
>               whether to grant the authorization
>               to file.  § 2244(b)(3)(D).  A court
>               of appeals' decision whether to
>               grant authorization "to file a
>               second or successive application
>               shall not be appealable and shall
>               not be the subject of a petition
>               for rehearing or for a writ of
>               certiorari."  § 2244(b)(3)(E).

Stewart v. Martinez- Villareal, 523 U.S. 637, 641 (1998).

In order for a petition to be considered "successive," it must "contest[] the same custody imposed by the same judgment of a state court." Burton v. Stewart, 549 U.S. 147 (2007).  If a petition is deemed successive, the district court lacks "jurisdiction to consider it in the first place" and the district court must dismiss the petition.  Id.  However, dismissal is not appropriate where a petitioner "asserts a new rule of constitutional law or raises new facts that establish the petitioner's innocence of the underlying offense." Singleton v. Norris, 319 F.3d 1018, 1023 (8th Cir. 2003); see also Stewart, 523 U.S. at 641.  The general bar against abusive or successive claims extends both to new claims which could have been raised or developed in an earlier petition and to successive claims which raise grounds identical to those heard and decided on the merits in a previous petition.  See Vancleave v. Norris, 150 F.3d 926, 929 (8th Cir. 1998).

The Court has carefully reviewed the record in this matter and in Sobey's previous habeas corpus proceedings.  Sobey

-3-

makes no new argument, nor does he allege new facts demonstrating his innocence of the underlying offense which could not have been discovered prior to the filing of his first petition. As Sobey recognizes, the petition in this matter is clearly a "successive petition," and authorization from the Eighth Circuit Court of Appeals is required prior to proceeding (Filing No. 1 at CM/ECF p. 3). On August 16, 2010, the Eighth Circuit Court of Appeals denied Sobey authorization to proceed on his successive petition, and it will be dismissed. A separate order will be entered in accordance with this memorandum opinion.

DATED this 20th day of August, 2010.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court

---

* This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the Court has no agreements with any of these third parties or their Web sites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.